UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DANIEL LOPEZ,
    Plaintiff,
vs.

101 WASHINGTON AVENUE REALTY, LLC and
FORD SOBE, LLC d/b/a STUBBORN SEED,
    Defendants.

## COMPLAINT

Plaintiff, DANIEL LOPEZ (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, 101 WASHINGTON AVENUE REALTY, LLC and FORD SOBE, LLC d/b/a STUBBORN SEED (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located on or about 101 Washington Ave, Miami Beach, FL 33139 (hereinafter "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## PARTIES

**1.** Plaintiff, DANIEL LOPEZ, is a resident of Miami, Florida, and is *sui juris*. He is

a qualified individual with disabilities under the ADA law. In 2008, Plaintiff became a bilateral amputee, above the knee, due to surgery. He is bound to ambulate in a wheelchair. His access to the Subject Premises and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Subject Premises, including but not limited, to those set forth in the Complaint.

4. Defendant, 101 WASHINGTON AVENUE REALTY, LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

5. Pursuant to the Miami-Dade Property Appraiser's Office, Defendant, 101 WASHINGTON AVENUE REALTY, LLC, is the owner and/or operator/manager of the real property located on or about 101 Washington Ave, Miami Beach, FL 33139 (herein referred to as the "Subject Premises"). This is the building where the Subject Premises are located.

6. Defendant, FORD SOBE, LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

7. According to the Miami-Dade County Tax Collector, the Defendant, FORD SOBE, LLC, was licensed on June 19, 2017 and occupies 101 Washington Ave, Miami Beach, FL 33139 (herein referred to as the "Subject Premises") as a restaurant known as "Stubborn Seed".

8. The Subject Premises is owned and/or operated by the Defendants and is a public accommodation required by law to comply with the ADA and ADAAG.

## **FACTUAL ALLEGATIONS AND CLAIM**

9. Plaintiff recently visited the Subject Premises to dine, and accessed to the extent possible, or attempted to access, the Subject Premises and specific areas of the Subject Premises as described herein.

10. While visiting the Subject Premises, Plaintiff personally encountered and/or observed several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph 14. As a result, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

11. Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes undue frustration and social embarrassment as a result of the difficulties encountering such barriers to access—a social embarrassment that would not occur if the Subject Premises were in compliance with the ADA and ADAAG.

12. In encountering the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, difficulty, frustration, and embarrassment—the Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

13. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the

requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

**14.** A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions, and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Subject Premises and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Premises include:

**The first of two entrances is inaccessible.**

**(A)** Existing step at the first of two entrances acts as a barrier to accessibility.

> ADAAG 206 Accessible Routes
>
> ADAAG 206.1 General.
>
> Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
>
> ADAAG 206.2 Where Required.
>
> Accessible routes shall be provided where required by 206.2.
>
> ADAAG 206.2.1 Site Arrival Points.
>
> At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
>
> ADAAG 206.4 Entrances.
>
> Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
>
> ADAAG 207 Accessible Means of Egress
>
> ADAAG 207.1 General.

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

> Means of egress shall comply with section 1003.2.13 of the
>
> International Building Code (2000 edition and 2001 Supplement)
>
> or section 1007 of the International Building Code (2003 edition)
>
> (incorporated by reference, "Referenced Standards" in Chapter 1).
>
> ADAAG 402 Accessible Routes
>
> ADAAG 402.1 General.
>
> Accessible routes shall comply with 402.
>
> ADAAG 402.2 Components.
>
> Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.

**<u>Required minimum maneuvering clearance not provided at door of the first of two entrances.</u>**

- **(B)** Non-compliant change in floor level within required maneuvering clearance at door of the first of two entrances.

> ADAAG 206 Accessible Routes
>
> ADAAG 206.1 General.
>
> Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
>
> ADAAG 206.2 Where Required.
>
> Accessible routes shall be provided where required by 206.2.
>
> ADAAG 206.2.1 Site Arrival Points.
>
> At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
>
> ADAAG 206.4 Entrances.

> Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
>
> ADAAG 206.4.1 Public Entrances.
>
> In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.
>
> ADAAG 207 Accessible Means of Egress
>
> ADAAG 207.1 General.
>
> Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1)
>
> ADAAG 404.2.4 Maneuvering Clearances.
>
> Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.
>
> ADAAG 404.2.4.4 Floor or Ground Surface.
>
> Floor or ground surface within required maneuvering clearances shall comply with 302. Changes in level are not permitted.

**(C)** Required signage indicating location of nearest accessible entrance not provided at the first of two entrances

> ADAAG 216 Signs
>
> ADAAG 216.1 General.
>
> Signs shall be provided in accordance with 216 and shall comply with 703.
>
> ADAAG 216.6 Entrances.
>
> Where not all entrances comply with 404, entrances complying with 404 shall be identified by the International Symbol of Accessibility complying with 703.7.2.1.
>
> Directional signs complying with 703.5 that indicate the location of the nearest entrance complying with 404 shall be provided at entrances that do not comply with 404.

**Inaccessible bar.**

    **(D)** Portion of bar required to be accessible not provided.

    **(E)** Non-compliant height of bar exceeds maximum height allowance.

        ADAAG 226 Dining Surfaces and Work Surfaces

        ADAAG 226.1 General.

        Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

        ADAAG 902 Dining Surfaces and Work Surfaces

        ADAAG 902.1 General.

        Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

        Advisory 902.1 General.

        Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

        ADAAG 902.3 Height.

        The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

    **(F)** Required minimum knee clearance not provided at bar.

        ADAAG 226 Dining Surfaces and Work Surfaces

        ADAAG 226.1 General.

        Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

        ADAAG 902 Dining Surfaces and Work Surfaces

        ADAAG 902.1 General.

        Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

        Advisory 902.1 General.

Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

ADAAG 902.2 Clear Floor or Ground Space.

A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

ADAAG 306.3 Knee Clearance.

ADAAG 306.3.3 Minimum Required Depth.

Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

ADAAG 306.3.5 Width.

Knee clearance shall be 30 inches (760 mm) wide minimum.

**(G)** Required minimum toe clearance not provided at bar.

ADAAG 226 Dining Surfaces and Work Surfaces

ADAAG 226.1 General.

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

ADAAG 902 Dining Surfaces and Work Surfaces

ADAAG 902.1 General.

Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

Advisory 902.1 General.

Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

ADAAG 902.2 Clear Floor or Ground Space.

A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

        ADAAG 306.2 Toe Clearance.

        ADAAG 306.2.3 Minimum Required Depth.

        Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

        ADAAG 306.2.5 Width.

        Toe clearance shall be 30 inches (760 mm) wide minimum.

**(H)** Required minimum turning space not provided in the first of two restrooms due to the placement of furniture within the restroom.

        ADAAG 603 Toilet and Bathing Rooms

        ADAAG 603.1 General.

        Toilet and bathing rooms shall comply with 603.

        ADAAG 603.2 Clearances.

        Clearances shall comply with 603.2.

        ADAAG 603.2.1 Turning Space.

        Turning space complying with 304 shall be provided within the room.

        ADAAG 304.3.1 Circular Space.

        The turning space shall be a space of 60 inches (1525 mm) diameter minimum. The space shall be permitted to include knee and toe clearance complying with 306

**Inaccessible water closet in the first of two restrooms.**

**(I)** Required minimum clearance not provided at water closet in the first of two restrooms.

        ADAAG 604 Water Closets and Toilet Compartments

        ADAAG 604.3 Clearance.

        Clearances around water closets and in toilet compartments shall comply with 604.3.

        ADAAG 604.3.1 Size.

> Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

**(J)** Non-compliant existing grab bar at rear wall of water closet in the first of two restrooms does not meet minimum size requirement.

> ADAAG 604 Water Closets and Toilet Compartments
>
> ADAAG 604.5.2 Rear Wall.
>
> The rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

**(K)** Insulation of pipes and water lines under the lavatory in the first of two restrooms not provided as required.

> ADAAG 606 Lavatories and Sinks.
>
> ADAAG 606.5 Exposed Pipes and Surfaces.
>
> Water supply and drainpipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks.

**Inaccessible coat hook in the first of two restrooms.**

**(L)** Non-compliant height of coat hook in the first of two restrooms exceeds maximum height allowance.

> ADAAG 604 Water Closets and Toilet Compartments.
>
> ADAAG 604.8.3 Coat Hooks and Shelves.
>
> Coat hooks shall be located within one of the reach ranges specified in 308.
>
> ADAAG 308.2 Forward Reach.
>
> ADAAG 308.2.1 Unobstructed.
>
> Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum, and the low forward reach shall be 15 inches minimum above the finished floor or ground.
>
> ADAAG 308.2.2 Obstructed High Reach.

Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum, and the reach depth shall be 25 inches maximum.

ADAAG 308.3 Side Reach.

ADAAG 308.3.1 Unobstructed.

Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum, and the low side reach shall be 15 inches minimum above the finish floor or ground.

ADAAG 308.3.2 Obstructed High Reach.

Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum, and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

**Inaccessible water closet in the second of two restrooms.**

(M) Required minimum clearance not provided at water closet in the second of two restrooms.

ADAAG 604 Water Closets and Toilet Compartments

ADAAG 604.3 Clearance.

Clearances around water closets and in toilet compartments shall comply with 604.3.

ADAAG 604.3.1 Size.

Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

(N) Non-compliant existing grab bar at rear wall of water closet in the second of two restrooms does not meet minimum size requirement.

ADAAG 604 Water Closets and Toilet Compartments

ADAAG 604.5.2 Rear Wall.

The rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

**Inaccessible toilet paper dispenser in the second of two restrooms.**

- **(O)** Non-compliant position of toilet paper dispenser from water closet in the second of two restrooms.

    ADAAG 604 Water Closets and Toilet Compartments.

    ADAAG 604.7 Dispensers.

    Toilet paper dispensers shall comply with 309.4 and shall be 7 inches (180 mm) minimum and 9 inches (230 mm) maximum in front of the water closet measured to the centerline of the dispenser.

- **(P)** Insulation of pipes and water lines under the lavatory in the second of two restrooms not provided as required.

    ADAAG 606 Lavatories and Sinks.

    ADAAG 606.5 Exposed Pipes and Surfaces.

    Water supply and drainpipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks.

**Inaccessible coat hook in the second of two restrooms.**

- **(Q)** Non-compliant height of coat hook in the second of two restrooms exceeds maximum height allowance.

    ADAAG 604 Water Closets and Toilet Compartments.

    ADAAG 604.8.3 Coat Hooks and Shelves.

    Coat hooks shall be located within one of the reach ranges specified in 308.

    ADAAG 308.2 Forward Reach.

    ADAAG 308.2.1 Unobstructed.

> Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum, and the low forward reach shall be 15 inches minimum above the finished floor or ground.
>
> ADAAG 308.2.2 Obstructed High Reach.
>
> Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum, and the reach depth shall be 25 inches maximum.
>
> ADAAG 308.3 Side Reach.
>
> ADAAG 308.3.1 Unobstructed.
>
> Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum, and the low side reach shall be 15 inches minimum above the finish floor or ground.
>
> ADAAG 308.3.2 Obstructed High Reach.
>
> Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum, and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

15. The above listing is not to be considered all-inclusive of the barriers, conditions, and/or violations which exist at the Subject Premises. Naturally, because Plaintiff encountered and observed the initial barriers to access, above, he was denied full access to all areas of the Subject Premises.

16. It is in the best interest of all persons with disabilities that a full inspection be completed to ensure that the Subject Premises is in full compliance with the ADA and ADAAG for all disabled patrons. Further, a full inspection of the entire property would be beneficial to all Parties to this action because it would protect Plaintiff from the likelihood further discrimination,

difficulty, frustration, and social embarrassment of encountering additional barriers to access once he has equal, full, and unrestricted access to all public areas of the Subject Premises—and Defendants would benefit from an inspection of the entire Subject Premises, as they will be able to efficiently identify all barriers to access and finally bring the Subject Premises into compliance with the ADA, which was enacted over three (3) decades ago, preventing further discrimination based on disability towards any future patrons.

**17.** The removal of the physical barriers, dangerous conditions, and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

**18.** The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. <u>Garthright-Dietrich v. Atlanta Landmarks, Inc</u>., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

19. The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

20. Plaintiff will undoubtedly return to the Subject Premises once the barriers to access have been remediated—not only to avail himself of the goods and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises without fear of discrimination, endangerment of their safety, or social and public embarrassment.

21. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights. However, Plaintiff is deterred from returning to the Subject Premises as long as the Defendants continue to operate the Subject Premises in violation of the ADA and ADAAG.

22. Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendants as long as the Subject Premises remains in non-compliance with the ADA.

23. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Premises, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Subject

Premises, including those specifically set forth herein, and make the Subject Premises accessible to and usable by persons with disabilities, including Plaintiff.

24. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

25. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Subject Premises, including those set forth herein.

26. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

27. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(561) 573-2106
GGoldstein@G2Legal.net

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, FL 33432
(305) 804-5435
WassenbergL@gmail.com